UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK SCHMALZ, | ) |
| | ) |
| Plaintiff, | ) No. 1:21-cv-01684 |
| | ) |
| v. | ) |
| | ) Judge Edmond E. Chang |
| VILLAGE OF NORTH RIVERSIDE, a | ) |
| municipal body; and SUE SCARPITINI, in | ) |
| her individual and official capacity | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Frank Schmalz brought this suit against his former employer, the Village of North Riverside, as well as a Village official, Sue Scarpitini.[1] Schmalz alleges that the Defendants retaliated against him for engaging in the protected First Amendment activity of filing a federal civil-rights lawsuit against the Village and seeking a court order that he was entitled to benefits under the Public Safety Employee Benefits Act (which the parties label as the "PSEBA"). R. 1, Compl. ¶¶ 2–4.[2] Schmalz also claims that he is entitled to $66,453 worth of accrued benefit hours and sick pay from the Village, in accordance with the Illinois Wage Payment and Collection Act. Compl. ¶ 52. The Defendants move to dismiss the First Amendment retaliation claim as untimely filed outside the statute of limitations. R. 11, Mot. to Dismiss at 1. For the

---

[1]The Court has subject matter jurisdiction over this federal-question case under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.
[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

1

reasons explained below, the Defendants' motion is granted—but Schmalz will have the chance to amend the complaint to clarify the premise of the retaliation claim.

## I. Background

In evaluating a motion to dismiss (though, as explained later, really in pertinent part the defense is presenting a motion for judgment on the pleadings), the Court must accept as true the complaint's factual allegations. Frank Schmalz was a police officer with the Village Police Department from 1985 to 2013. Compl. ¶ 17. In November 2013, Schmalz filed a federal lawsuit in this District against the Village, the Village's mayor, and others alleging that he had been fired in violation of his constitutional rights. *Id.* ¶ 18.

But that was just the start of the legal proceedings between Schmalz and the Village. In June 2016, the Village Police Pension Board awarded Schmalz a duty-related disability pension, effective back to July 1, 2014. *Id.* ¶ 20. But Scarpitini (the Village Finance Director) voted against rewarding the disability pension. *Id.* In February 2017, the Village denied Schmalz's request for Public Safety Employee Benefits Act (again, shortened to "PSEBA") benefits. *Id.* ¶ 21. To combat the denial, in January 2018, Schmalz filed a declaratory judgment lawsuit in the Circuit Court of Cook County against the Village for allegedly violating the PSEBA. *Id.* ¶ 22. Back in the then-pending federal case, in August 2020, a federal district judge denied the Village's summary judgment motion, and a jury trial was ordered. *Id.* ¶ 23. Scarpitini testified for the Village in the federal case. *Id.* ¶¶ 11, 19.

In November 2020, back in the PSEBA case in state court, the state court granted declaratory judgment in favor of Schmalz, retroactive to July 20, 2017. *Id.* ¶ 4. But the Village still has not paid Schmalz the PSEBA benefits ordered by the Circuit County Court. *Id.* ¶ 25.

In March 2021, Schmalz brought this federal case against the Village and Scarpitini. Count One of Schmalz's complaint alleges that the Village and Scarpitini intentionally retaliated against him for engaging in the protected First Amendment activity of litigating his 2013 federal claim against the Village; the retaliation took the form of refusing and continuing to refuse to pay Schmalz the PSEBA benefits that he is entitled to. *Id.* ¶¶ 32–34. Count Two alleges that the Village is violating the Illinois Wage Payment and Collection Act by not paying Schmalz the $66,453 he has allegedly accrued as a result of benefit hours and sick time pay. *Id.* ¶¶ 43– 52.

## II. Legal Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 55 U.S. 544, 570 (2007)). These allegations "must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

Although the Defendants invoked Civil Rule 12(b)(6) in moving to dismiss, the statute of limitations challenge is not properly presented under that particular rule. The statute of limitations is an *affirmative* defense, and "plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Indeed, the Seventh Circuit has noted that dismissal under Rule 12(b)(6) on the basis of the statute of limitations is "irregular," because Rule 12(b)(6) tests the adequacy of the legal claim, not its timeliness. *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)). Nevertheless, when the allegations of the complaint itself reveal that the case is barred by the statute of limitations, dismissal might be appropriate. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) ("[I]f it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading."). So long as no discovery is needed to fill-in factual gaps, a dismissal on statute of limitations grounds can be properly granted as, in effect, a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)).

### III. Analysis

In their motion to dismiss, the Defendants argue that retaliation claim is barred by the statute of limitations, because Schmalz's alleged injury happened in February 2017, when the Village originally denied Schmalz's request for PSEBA benefits. Mot. to Dismiss at 2. The statute of limitations in Illinois for § 1983 claims is based on the personal-injury limitations period, which is two years. *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). So, according to the defense, Schmalz was required to file the retaliation claim by February 2019, well before the March 2021 filing date.

In response, Schmalz argues that the Village's nonpayment of PSEBA benefits can be separated into two distinct acts: (1) the initial nonpayment, which occurred in 2017, when the Village denied Schmalz's request for PSEBA benefits; and (2) the Village's refusal to pay the PSEBA benefits after the state court's decision in 2020. Schmalz argues that this second retaliatory act happened within the two-year statute of limitations, because Schmalz filed his retaliation claim only a few months after the November 2020 state court decision. R. 40, Pl.'s Resp. at 4.

### A. Statute of Limitations

Schmalz relies on a district court case, *Ujinski v. City of Pekin*, 2019 WL 1244687, at *2 (C.D. Ill. Mar. 18, 2019), in support of his statute-of-limitations argument. In *Ujinski*, the district court held that the plaintiff's claim was timely because, even though other alleged misconduct happened beyond the statute of limitations, the plaintiff's termination from his job was a retaliatory act that happened within the

5

limitations period. *Ujinski v. City of Pekin*, 2019 WL 1244687, at *2 (C.D. Ill. Mar. 18, 2019). The problem with Schmalz's reliance on *Ujinski* is that he has not explained how the refusal to pay the PSEBA benefits after the state court decision is *separate* from the earlier act of retaliation (the initial denial of benefits).

In particular, Schmalz himself acknowledges that what he calls the first act of retaliation happened in February 2017, specifically when the Village denied his request for PSEBA benefits in retaliation for filing the 2013 federal lawsuit. Compl. ¶ 2, 18, 21. What Schmalz has not explained—whether by proffered facts or otherwise—how the refusal to pay benefits can be somehow divided up into *two* separate acts of retaliation, first the initial denial and then what appears to be an artificially labelled "second" act of nonpayment after the state court decision. This missing explanation is a crucial gap because the premise of a retaliation claim is *protected activity*. A viable claim of retaliation requires that the defendant retaliate against the plaintiff for engaging in protected activity. If the Village's retaliation for Schmalz's filing of the federal lawsuit—which was filed back in 2013—was the denial of benefits in February 2017, it is not as if Schmalz could argue that the Village committed another act of retaliation of denying benefits again in March 2017, April 2017, and so on in perpetuity, simply by not yet paying the benefits. That would mean there was no applicable statute of limitations at all.

Perhaps Schmalz is arguing that the initial denial of benefits in February 2017 was in retaliation for the federal lawsuit that he filed in 2013, and that then the refusal to pay after the state court decision in November 2020 is in retaliation for

6

filing the state court lawsuit, *cf.* Pl.'s Resp. at 4—but this theory is not clearly set forth. Indeed, even if the protected activity that Schmalz is relying on is the state court lawsuit, he filed that case in January 2018, Compl. ¶ 22, so it is not apparent how the filing of the state lawsuit connects to the refusal to pay the state-court-ordered benefits in November 2020 (when the declaratory judgment was granted in his favor). Because Schmalz offers no reason why the nonpayment of benefits should be separated into two separate retaliatory acts—instead of just the refusal to pay in 2017—the retaliation claim was filed outside of the two-year statute of limitations.

Having said that, as explained earlier, a statute-of-limitations defense will not typically form the basis for a motion to dismiss under Rule 12(b)(6). *See Richards v. Mitcheff,* 696 F.3d 635, 637–38 (7th Cir. 2012). The procedural posture is, as noted earlier, irregular as the stage at which to decide the limitations defense. So the Court authorizes Schmalz to file an amended complaint that more precisely pleads (if he can do so in good faith) facts about the retaliation and the protected activity so that the Court can evaluate whether the refusal to pay the benefits after the November 2020 declaratory judgment truly can be considered a separate act of retaliation. The amended complaint is due by April 24, 2023. The defense response to the complaint is due on May 8, 2023.

### B. Other Arguments

It is worth nothing that the defense also argues that the retaliation claim is barred by *res judicata* (or, in plainer jargon, claim preclusion) because the state court entered a final judgment on the merits. There is no need to address this argument

7

now, because if the limitations defense wins, then claim preclusion is neither here nor there. The defense can re-raise the argument against the amended complaint, if appropriate. For now it is enough to note that if Schmalz is able to articulate a viable retaliation theory for non-payment after the entry of the declaratory judgment, almost by definition claim preclusion would not apply, because claim would arise *after* the entry of judgment. In any event, the Court does not need to definitively the claim-preclusion argument now.

The same goes for the defense argument that Schmalz failed to plausibly allege that activity protected by the First Amendment was the but-for cause of the Defendants' alleged adverse act. Mot. to Dismiss at 11. Schmalz responds that he only needs to plead that the protected activity was a "motivating factor" for the alleged retaliatory act, not the but-for cause. Pl.'s Resp. at 11. Again, there will be no need to address this argument if the limitations defense prevails, so the Court can set this merits argument to the side for now.

Finally, the Defendants argue that if the First Amendment claim is dismissed, then the Illinois Wage Act claim should be dismissed in favor of the state court forum, that is, this Court should relinquish supplemental jurisdiction. Mot. to Dismiss at 13. Given the authorization to file an amended complaint, there is no reason to address whether relinquishment would be proper if the federal claim is dismissed (though relinquishment of the state law claim probably would be the right call).

8

## IV. Conclusion

The Defendants' motion to dismiss the complaint is granted, but the dismissal is without prejudice and Schmalz may file an amended complaint by April 24, 2023. The defense response to the complaint is due on May 8, 2023. The tracking status hearing of April 7, 2023, is reset to May 19, 2023, at 8:30 a.m., but to track the case only (no appearance is required). The parties shall file a status report on the proposed next step of the litigation on May 10, 2023.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 31, 2023